Shattuck v. Lawson.

JOHN H. SHATTUCK *vs.* NICHOLS LAWSON.

A partner, who upon the dissolution of the partnership has received all the partnership
assets, and agreed to apply them to the payment of the outstanding debts, for which they
are sufficient, is not liable to an action at law by his copartner, for the amount of a part-
nership debt, which he has been obliged to pay, without showing a final settlement of the
partnership business, or that there are no other debts outstanding.

An agreement of a partner with his copartner upon the dissolution of the partnership, to
apply to the best of his judgment the partnership assets towards its outstanding debts,
will not support a declaration alleging that the defendant agreed to pay all the outstand-
ing debts of the partnership, and neglected and refused to do so. And the defendant
may avail himself of this variance under an answer admitting the execution of the agree-
ment (a copy of which is annexed to the declaration) and denying all the other allega-
tions of the plaintiff.

ACTION OF CONTRACT. The plaintiff alleged that the defend
ant with him signed a certain promissory note, and the defendant
promised to pay it at maturity, and received from him, as a con-
sideration for paying it, all the assets of a partnership previously
existing between them ; yet the defendant neglected to pay the
note or any part thereof, and the plaintiff was obliged to pay it.

In an additional count afterwards filed, it was alleged that

the plaintiff and defendant, then and previously copartners, on the 10th of July 1852 dissolved their partnership, and the defendant purchased and received from the plaintiff all his interest in the partnership assets, and in consideration thereof made an agreement in writing (a copy of which was annexed, and is printed in the margin *) to pay all the outstanding debts of the partnership, among which was a certain promissory note; that the defendant neglected and refused to pay that note, and that the plaintiff was obliged to pay it, with costs.

The answer admitted the agreement, and averred that the defendant had kept and performed it, and denied the other allegations of the declaration.

At the trial in the superior court of Suffolk at March term 1856, the plaintiff stated that the agreement was made after the dissolution of the partnership and to close their business; and offered to prove, that under it the defendant had received all the assets of the partnership, which were more than sufficient to pay all their debts, yet had not applied the proceeds thereof to the payment of the debts, but had appropriated them to his own use; and the plaintiff, two years after the dissolution, was called upon to pay the promissory note mentioned in the declaration, and an action was brought against him upon it in Massachusetts, of which the defendant was notified, and refused to apply the proceeds of the assets in his hands to the payment of the note, and the plaintiff was obliged to pay it.

There had been no final settlement of the partnership concerns between the parties; but the plaintiff contended that " said agreement was of itself in law a final settlement of said copartnership between these parties, if the assets were fairly sufficient to pay the debts of said firm; as he claimed nothing from the assets over and above the amount of the debts."

The plaintiff further offered to prove that the action on the

---

* " New York, July 10th 1852. This is to certify that I, the undersigned, have received from John H. Shattuck all his right, title and interest in the stock, tools, and all bills outstanding due to the late firm of Lawson & Shattuck, shipwrights, caulkers and spar makers, at No. 272 South Street, which I agree to apply towards the payment of the debts outstanding against said firm to the best of my judgment.                    Nichols Lawson."

note was commenced at the defendant's direction, and that the money thereby collected of the plaintiff came to the hands of the defendant.

The plaintiff contended, that as it was not alleged by the defendant that there were outstanding claims against the partnership, it could not be presumed that there were; and that the agreement set forth having been made after the dissolution of the copartnership, and the answer of the defendant having admitted that it was so made, and averred that it had been fully performed on his part, the plaintiff had a right to go to the jury on that issue.

*Nelson,* C. J. instructed the jury that the plaintiff could not maintain his action, a verdict was taken for the defendant, and the plaintiff alleged exceptions.

*W L. Burt,* for the plaintiff, cited *Dickinson* v. *Granger,* 18 Pick. 315; *Bond* v. *Hays,* 12 Mass. 34; *Wilby* v. *Phinney,* 15 Mass. 116; *Fanning* v. *Chadwick,* 3 Pick. 420; *Brinley* v. *Kupfer,* 6 Pick. 178; *Rockwell* v. *Wilder,* 4 Met. 556.

*N. Morse,* for the defendant.

BIGELOW, J. The facts proved at the trial did not show that there was any sum due to the plaintiff as a final balance after a settlement of all the business of the firm and the payment of all its debts. The evidence only tended to prove that the property of the partnership, which passed into the hands of the defendant, was sufficient to pay the debts due from the firm at the time of its dissolution; but it did not appear that there was any surplus left in the hands of the defendant, nor that his own claims on the assets of the firm had been paid or satisfied, nor that this was the only claim outstanding. Such proof was essential to enable the plaintiff to recover in an action at law against his copartner as upon a final settlement of the affairs of the copartnership. *Sikes* v. *Work,* 6 Gray, 433, & cases cited.

But the main reliance of the plaintiff at the trial seems to have been on his second count, in which he claims to recover the amount of a debt due from the firm, which he alleges that he was compelled to pay in violation of the agreement between himself and the defendant, made at the time of the dissolution

of the firm.  The difficulty in maintaining the action on. this count is, that it sets out no breach of the contract annexed to the declaration.  The amended count seems to have been framed upon an entire misconception of the legal effect of the contract. It alleges that the defendant agreed to pay all the outstanding debts of the firm, and avers as a breach that the defendant neglected and refused to pay the note annexed to the declaration, and that the plaintiff was compelled to pay the same with costs.  But the written contract contains no such agreement. The defendant did not undertake to pay all the debts of the firm.  He only agreed to apply the partnership property and assets, which were placed in his hands, towards the payment of the outstanding debts of the firm, according to the best of his judgment.  Beyond this he assumed no responsibility and incurred no liability to his copartner.  There was therefore a fatal variance between the contract set out in the declaration and the written agreement offered in evidence.  There was no averment that the defendant agreed to apply the partnership property in his hands towards the payment of the debts of the firm according to the best of his judgment, and no allegation of any breach of this stipulation.  The evidence offered at the trial, that the property and assets of the firm in the hands of the defendant were sufficient, if properly applied, to pay all the debts of the firm, and that the defendant refused to apply them to that purpose, but appropriated them to his own use, did not sustain or correspond with any allegation contained in the declaration.  The evidence would have been competent in support of a count properly framed on the contract, but had no tendency to prove the agreement as set out in the plaintiff's amended count.

Under the denial, contained in the answer, of each and every allegation in the amended declaration, except the execution of the written contract, the plaintiff was bound to prove the averments in his declaration ; and it was competent for the defendant to object, not only that the written contract did not support the agreement as set out in the declaration, but that the evidence offered to prove a breach of the contract was inadmissible, because it had no tendency to show such a breach as the plaintiff had averred in his amended count          *Exceptions overruled.*